UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-126-FDW

| | |
|---|---|
| ZACKARY ALLEN BLANKENSHIP, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LT. FNU SETZER, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

## I.    BACKGROUND

Pro se Plaintiff Zachary Blankenship is a pre-trial detainee currently incarcerated at the Burke Catawba District Confinement Facility ("the jail") in Morganton, North Carolina. Plaintiff filed this action on June 26, 2015, pursuant to 42 U.S.C. § 1983, naming as Defendants Lieutenant FNU Setzer, Sergeant FNU Lail, Staff Sergeant FNU Carswell, and Sergeant FNU Smith, all identified as supervisors at the jail; and Major Billy Bowman, identified as the jail's Administrator. (Doc. No. 1). Plaintiff alleges the following in his Complaint:

> On May 5th, 2015, I had went to Catawba County Detention Facility and had my legal paperwork and a soft-cover Bible in the Booking area of Burke/Catawba Jail, Sgt. Lail told me I was not allowed to take my Bible. The same thing happened on June 1st and June 15th 2015, this time by Sgt. Smith both times. I had written a grievance to the [Lieutenant] on shift, which was Lt. Setzer. She came in the block and was very hostile towards me, on the 17th of June 2015 my property was taken from the back while I was in Catawba County Detention I feel this was retaliation for filing grievances. I was unable to receive my property until I said I would write the Sheriff of Burke County to settle the matter. On or about the second week of May 2015 the block in which I am housed was searched. Staff Sgt. Carswell did not find any contraband so he took my Bible

1

that did not have a cover on it among other personal property of the inmates in my block.

(Id. at 4-5). Plaintiff alleges that Defendants violated his First Amendment right to the free exercise of his religion. Plaintiff further alleges that Defendant Setzer's actions were "retaliatory" and that Defendant Carswell's actions were "not reasonably related to the security of the jail and therefore arbitrary." (Id. at 5). As relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Id. at 5). Plaintiff specifically seeks an order from the Court "ordering the Defendant's policy on Bibles or other religious text[s] to be changed to allow inmates to bring them with them when leaving to go to a different facility." (Id.).

## II. STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, Plaintiff's trust fund account states that when he filed this action, Plaintiff had $0.00 in his trust account, and as of July 15, 2015, he had $16.00 in his account. (Doc. No. 5). The Court finds that Plaintiff does not have sufficient funds with which to pay the filing fee. Thus, Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal

construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Court finds that Plaintiff's First Amendment claim against Defendants Setzer, Lail, Smith, and Carswell is not clearly frivolous and, thus, survives initial review as to these Defendants.[1] As to Defendant Bowman, however, the Complaint will be dismissed as to him. Aside from naming Bowman as a Defendant, Plaintiff alleges no personal participation whatsoever by this Defendant, and it is well settled that Defendant Bowman cannot be held liable merely by virtue of his position as a supervisor at the prison based on respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's claim is not clearly frivolous as to Defendants Setzer, Lail, Smith, and Carswell. The Court finds that dismissal is appropriate as to Defendant Bowman for the reasons stated in this order.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

---

[1] The grievances that Plaintiff has submitted along with his Prisoner Administrative Remedies Statement appear to indicate that Plaintiff was not complaining that he was unable to have his Bible in his cell. Rather, it appears from the grievances that he was not allowed to take his Bible with him when he was being transported to court in another county. See (Doc. No. 4). In any event, based on the allegations in the Complaint, the Court finds that Plaintiff's allegations can be reasonably read to mean that he is being deprived of use of his Bible while at the jail, and the allegations of a First Amendment violation are therefore not clearly frivolous.

2. Plaintiff's action survives initial review under 28 U.S.C. § 1915(e) as to Defendants Setzer, Lail, Smith, and Carswell. Furthermore, the Court dismisses Defendant Bowman from this action.

3. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants Setzer, Lail, Smith, and Carswell. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on these Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

_____
Frank D. Whitney
Chief United States District Judge