| | | |
|---|---|---|
| **ZACKARY ALLEN BLANKENSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **LT. FNU SETZER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Zachary Blankenship. (Doc. No. 9).

Pro se Plaintiff Zachary Blankenship is a pre-trial detainee currently incarcerated at the Burke Catawba District Confinement Facility ("the jail") in Morganton, North Carolina. Plaintiff filed this action on June 26, 2015, pursuant to 42 U.S.C. § 1983, naming as Defendants Lieutenant FNU Setzer, Sergeant FNU Lail, Staff Sergeant FNU Carswell, and Sergeant FNU Smith, all identified as supervisors at the jail; and Major Billy Bowman, identified as the jail's Administrator. (Doc. No. 1). Plaintiff alleged the following in his Complaint:

On May 5th, 2015, I had went to Catawba County Detention Facility and had my legal paperwork and a soft-cover Bible in the Booking area of Burke/Catawba Jail, Sgt. Lail told me I was not allowed to take my Bible. The same thing happened on June 1st and June 15th 2015, this time by Sgt. Smith both times. I had written a grievance to the [Lieutenant] on shift, which was Lt. Setzer. She came in the block and was very hostile towards me, on the 17th of June 2015 my property was taken from the back while I was in Catawba County Detention I feel this was retaliation for filing grievances. I was unable to receive my property until I said I would write the Sheriff of Burke County to settle the matter. On or about the second week of May 2015 the block in which I am housed was searched. Staff Sgt. Carswell did not find any contraband so he took my Bible that did not have a cover on it among other personal property of the inmates in my

block.

(Id. at 4-5).  Plaintiff alleged that Defendants violated his First Amendment right to the free exercise of his religion.  Plaintiff further alleged that Defendant Setzer's actions were "retaliatory" and that Defendant Carswell's actions were "not reasonably related to the security of the jail and therefore arbitrary."  (Id. at 5).

On initial review, this Court found that Plaintiff's First Amendment claim against Defendants Setzer, Lail, Smith, and Carswell was not clearly frivolous and, thus, survived initial review as to these Defendants.  (Doc. No. 5).  The Court dismissed Defendant Bowman, noting that, aside from naming Bowman as a Defendant, Plaintiff alleged no personal participation whatsoever by Defendant Bowman.  The Court further noted that it is well settled that Defendant Bowman cannot be held liable merely by virtue of his position as a supervisor based on respondeat superior.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).

On August 6, 2015, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure.  Plaintiff complains in the motion for reconsideration that Defendant Bowman should not have been dismissed as a Defendant based on the fact that Bowman reviewed Plaintiff's administrative grievance as to his First Amendment claim.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very
> narrow circumstances: "(1) to accommodate an intervening change in controlling

2

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).  Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  Id.  Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted.  That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law.  Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  Plaintiff contends that Defendant Bowman is personally liable for the First Amendment violations against Plaintiff because Bowman answered a grievance submitted by Plaintiff.  It is well settled, however, that participating in administrative remedy proceedings is not the type of personal involvement necessary to state a claim based on supervisor liability. Abdel-Aziz v. Johns, No. 5:07-ct-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008). In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 9), is **DENIED**.

Frank D. Whitney
Chief United States District Judge