# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-126-FDW

| | |
|---|---|
| ZACKARY ALLEN BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LT. FNU SETZER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint, (Doc. No. 11), and on Plaintiff's Motion/Request for Production of Documents, (Doc. No. 12). First, Plaintiff's motion for production of documents will be denied as premature because discovery has not commenced in this action. Plaintiff is advised that discovery in this action does not commence until after Defendants have been served and answered or otherwise responded to the Complaint, and after the Court has entered a Pretrial Order and Case Management Plan in this matter setting forth deadlines for discovery and dispositive motions. Moreover, once discovery commences, Plaintiff must seek discovery from Defendants directly rather than filing motions with the Court.

Next, with respect to Plaintiff's motion to amend the Complaint, Plaintiff seeks to amend the Complaint to add factual allegations against Defendant Smith based on events that occurred since the filing of this action. Plaintiff's cover letter attached to his motion to amend appears to allege that Defendant Smith has retaliated against Plaintiff for filing this lawsuit by bringing disciplinary charges against Plaintiff. (Doc. No. 11-1). The motion to amend is denied to the extent that Plaintiff seeks to supplement the original Complaint to add a claim for retaliation

against Defendant Smith. Plaintiff is required to exhaust administrative remedies before he brings any claims in this Court. Since the alleged relation necessarily occurred only after Plaintiff filed this lawsuit, Plaintiff cannot have exhausted his administrative remedies as to any alleged retaliation claim against Defendant Smith. Therefore, to the extent that Plaintiff seeks to amend the Complaint to add a retaliation claim against Defendant Smith, the motion is denied. Plaintiff also seeks to amend the Complaint to correct the name of Defendant FNU Lail to FNU Laws. The change in spelling will be noted on the Court's docket.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion/Request for Production of Documents, (Doc. No. 12), is **DENIED** as premature. Plaintiff's Motion to Amend Complaint, (Doc. No. 11), is **GRANTED** in part and **DENIED** in part. The Clerk of this Court is respectfully instructed to change the name of Defendant FNU Lail to FNU Laws on the docket report.

Frank D. Whitney
Chief United States District Judge